UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JACKSON HEWITT INC., : : Plaintiff, : : v. : : IMRAN SHARIF, : : Defendant. : : : : : : : | **MEMORANDUM OPINION AND ORDER**<br><br>Civ. No. 14-1433 (WHW)(CLW) |

**<u>Walls, Senior District Judge</u>**

  This matter comes before the Court on Plaintiff's Motion for Default Judgment, ECF No. 6. Plaintiff filed this action on March 6, 2014, alleging that Defendant breached five franchise agreements for the operation of Jackson Hewitt income tax preparation businesses in Oregon and Washington. ECF No. 1. Plaintiff's counsel submitted an Affidavit of Diligent Inquiry, recounting his unsuccessful efforts to locate and serve process on Defendant. ECF No. 4. A process server unsuccessfully attempted service on Defendant several times, submitting an Affidavit of Non-Service. *Id.,* Ex. A. After several attempts to locate Defendant at his last known address in Houston, Texas, the process server spoke to Defendant by phone and arranged a meeting, but Defendant did not appear. *Id.* Thereafter, Plaintiff's counsel sent a copy of the summons and complaint to Defendant's last known address via certified mail. *Id.,* Ex. B. Defendant never answered the complaint. On September 3, 2014, Plaintiff requested an entry of default, and sent a copy to Defendant's last known address via certified mail. ECF No. 5. The

Clerk entered default on September 5, 2013. On September 19, 2014, Plaintiff moved for default judgment. Decided without oral argument under Fed. R. Civ. P. 78, Plaintiff's motion is granted.

## Standard

The Third Circuit considers three factors in determining whether a default judgment should be granted under Fed. R. Civ. P. 55: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

In deciding a motion for default judgment, "the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005). The court must, however, make "an independent inquiry into 'whether the unchallenged facts constitute a legitimate cause of action'" and "must make an independent determination" regarding questions of law. *Days Inn Worldwide, Inc. v. Mayu & Roshan, L.L.C.*, No. 06-1581, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007). Similarly, a court does not accept as true allegations pertaining to the amount of damages, and may employ various methods to ascertain the amount of damages due. While the court may conduct a hearing to determine the damages amount, Fed. R. Civ. P. 55(b)(2), a damages determination may be made without a hearing "as long as [the court] ensure[s] that there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

## Discussion

I.     **There is prejudice to the Plaintiff if default is denied.**

Plaintiff has made a sufficient showing that it is entitled to relief. The franchise agreements in question are attached to the complaint as Exhibits 3-7. Defendant personally

guaranteed his obligations under each of the franchise agreements. Compl. ¶ 7. Defendant entered into five promissory notes in favor of Plaintiff. *Id.* ¶¶ 45-49; Coe. Decl. at Ex. 8. Defendant violated the franchise agreements by failing to comply with the minimum office hour requirements and failing to remit specific payments to Defendant. Compl. ¶ 8. As a result, Plaintiff terminated the franchise agreements. *Id*. The franchise agreements required Defendant to pay Plaintiff all monies due in event of the agreements' termination, including interest at the Texas statutory maximum of 18%, attorneys' fees and costs. *Id*. ¶ 9. Defendant did not pay Plaintiff the amount owed. *Id.* ¶¶ 64-68. These unchallenged facts constitute a legitimate cause of action for breach of contract. Defendant has refused to answer the complaint despite diligent efforts to serve him, and there is no indication that he intends to participate in the litigation. He should not be permitted to avoid his obligations to Plaintiff.

    **II.    Defendant does not appear to have a litigable defense.**

No facts before the Court suggest a defense to Plaintiff's claims.

    **III.    Defendant's delay is due to culpable conduct.**

Plaintiff has made the required diligent effort to serve process on Defendant under Fed. R. Civ. P. 4(e) and New Jersey Court Rules 1:5-4 and 4:4-4(b)(1)(c). A process server spoke to Defendant, but Defendant avoided attending the meeting. Plaintiff mailed copies of all documents to Defendant's last known address, and a process server spoke with Defendant on the phone, giving good indication that Defendant received the summons and complaint but chose to ignore them. It is reasonable to conclude that Defendant's delay is willful.

    **IV.    The amount of damages is satisfactorily established.**

Plaintiff has provided a sufficient basis for the damages amount of $131,502.60. The sum consists of $125,778.55, the amount claimed plus interest at the contractually agreed-upon rate of

18%; $800.58 in costs and disbursements; and $4,923.50 in attorneys' fees. Coe. Decl. ¶¶ 24-26, ECF No. 6. Supporting evidence includes the signed franchise agreements, itemized statements of accounts receivable, and a sworn declaration as to attorneys' fees incurred. ECF No. 6-4:6-15.

## Conclusion and Order

It is hereby ORDERED that Plaintiff's motion is granted; it is further

ORDERED that the Clerk of Court enter judgment for Plaintiff in the amount of **$131,502.63**; and it is further

ORDERED that beyond the date of this Order, post-judgment interest with respect to the amount claimed will continue to accrue at the contractually agreed upon rate of 18% per annum until the judgment is paid in full.

IT IS SO ORDERED:

DATE: 10/29/14

/s/ William H. Walls, U.S.D.J.

William H. Walls
Senior United States District Court Judge